UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 21CR20123-BB

UNITED STATES OF AMERICA,
          *Plaintiff*,

vs.

EMRAAN ALI,
          *Defendant*.

_____/

## <u>OBJECTIONS TO PSIR</u>

EMRAAN ALI, the Defendant, by and through the undersigned counsel, submits the following as objections to the pre-sentence investigation report.

1. Page 3, identifying data. Date of Birth should be July 4, 1967.

2. Paragraph 10 states in relevant part Mr. Ali made efforts to convince Trinidadian authorities that he was not leaving Trinidad. The government of Trinidad and Tobago did not outlaw travel to Syria or joining ISIS until August 2018 and the law cannot be applied retroactively.[1]

3. Paragraph 14. There is no evidence that Emraan Ali's work created homes for ISIS fighters. Many civilians lived in abandoned or damaged homes and Mr. Ali worked on such private projects in Rakka. He did not obtain a ISIS identify card until he moved to Mayadin where it was required to get through security check points.

4. Paragraph 15. Mr. Ali had a public store in Rakka. There he served as average civilians as customers. There is no need to sell guns to ISIS fighters. The ISIS fighters get such things for free. The United States turned over evidence of such in discovery showing Mr. Ali purchased his own weapon instead of the free weapon from the authorities after

---

[1] https://www.cijn.org/the-isis-phenomenon-in-trinidad-and-tobago/

the mandatory training. *See attached A*. Mr. Ali was not a hawalder, money transfer broker. He brought funds and gold from Trinidad for himself and his family to use. Transfer of money was a common thing in Rakka and other towns and could be found on the streets for a small percentage fee. In fact, Mr. Ali had become acquainted with a local Syrian who was a money broker and Mr. Ali used his services. This service was not a profitable business as there was a lot of competition on the street. Mr. Ali loaned between $100 and $500 to two Trinidadians but did not take any extra money in return.

5. Paragraph 16. Mr. Ali did not donate the store profits but did donate food from the store to those who were hungry and had no funds.

6. Paragraph 17. Mr. Ali observed those surrender to the Kurds were mistreated or killed towards the time he surrendered. "Coalition forced" are the Kurds, aka Syrian Defense Force.

7. Paragraph 19. He did not at any time use a rocket propelled grenade launcher. At the Ghazwa raid, Mr. Ali tried to avoid participating yet was forced to do so. He managed to be a security guard and did not fight.

8. Paragrpah 21 and 29. Mr. Ali denies he voluntarily fought on behalf of ISIS. No guns sold in his store were for ISIS fighters. They receive weapons for free from the authorities. He was never a manager or supervisor of a criminal activity that involved five or more participants.

9. Paragraph 45 and 46. Spelling of names should be Taslima Baksh, Alaika (Linda) Ali, Jamal Ali, Jamela Mohammed.

10. Paragraph 47. The community he was raised is Rio Claro, not San Fernando, Trinidad.

11. Paragraph 63. Mr. Ali was not paid by ISIS for more than two months while he was in mandatory training and set into the field until he feigned a heart condition and was discharged from military duties. After that he ran his own store with the local public as the audience. His construction work was residential and not for ISIS.

Respectfully submitted,

By: _/S/_Khurrum B. Wahid_
Khurrum B. Wahid, Esq.
Counsel for Emraan Ali

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of March 2032, I provided a true and correct copy of the foregoing document to the AUSA via Electronic Delivery.

Respectfully submitted,

By: _/S/_Khurrum B. Wahid_
Khurrum B. Wahid, Esq.
Florida Bar No. 178764

Wahid Vizcaino Geller, LLP
2103 Coral Way, Suite 401
Miami FL 33145
Phone: (305) 444-4303
Fax: (305) 444-4302
Khurrum@wvglegal.com